FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
3/4/2021 10:35 AM
KATHLEEN VIGIL CLERK OF THE COURT
Faith Griego

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

AARON LIONEL MAX HEATON
AND
ALONDRA HEATON,

    *Plaintiffs,*

VS.

JOSE ARMANDO GONZALES,
JUAN MASCORRO,
AND
J&E LIVESTOCK TRANSPORTATION, LLC,

    *Defendants.*

Case assigned to Wilson, Matthew Justin

CAUSE NO.  D-101-CV-2021-00459

## PLAINTIFFS' ORIGINAL COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURIES

TO THE HONORABLE JUDGE OF SAID COURT:

    Plaintiffs Aaron Lionel Max Heaton and Alondra Heaton file this Original Complaint to Recover Damages for Personal Injuries, and, in support thereof, would respectfully show the Court the following:

## I.
## PARTIES AND SERVICE

**A.**    **Plaintiffs**

    1.1    Plaintiff Aaron Lionel Max Heaton is and was a resident of New Mexico at all times relevant to this lawsuit.

    1.2    Plaintiff Alondra Heaton is and was a resident of New Mexico at all times relevant to this lawsuit.

**B.**    **Defendants**

    1.3    Defendant Jose Armando Gonzales ("Gonzales") is a natural person and may be served with process wherever he may be found.

**EXHIBIT A**

1.4     Defendant Juan Mascorro ("Mascorro") is a natural person and may be served wherever he may be found.

1.5     Defendant J&E Livestock Transportation, LLC ("J&E Transportation") is and was foreign limited liability company with its principal place of business located in the State of Texas but maintained systematic contacts with the State of New Mexico by operating a business for profit in New Mexico both before and after the incident made the basis of this lawsuit.   Defendant J&E Transportation may therefore be served according to the New Mexico Long-Arm Statute and may be served with process at its principal place of business in Texas, 1614 Houston Street, Plainview, Texas, 79702, or wherever it may be found.

## II.
## JURISDICTION AND VENUE

2.1     Jurisdiction and venue of the Court is proper pursuant to NMSA, 1978 §38-3-1.

## III.
## BACKGROUND FACTS

3.1     On or about February 6, 2020, Plaintiffs Aaron Lionel Max Heaton and Alondra Heaton were traveling southbound on U.S. 285 in the inside lane at the 2400 block of South Canal Street in Eddy County, New Mexico.

3.2     Also, on that date and at that time, Defendant Gonzales was operating a commercial vehicle, owned and controlled by Defendant Mascorro and acting as an agent of; working in the course and scope of his duties for; performing service in furtherance of the business interests of; driving in furtherance of a mission for the benefit of; and/or subject to the control as to the details of her mission by Defendant J&E Transportation, immediately behind Plaintiffs southbound on U.S. 285 in the inside lane at the 2400 block of South Canal Street in Eddy County, New Mexico.

3.3     At approximately 1:30 p.m., as Plaintiffs were attempting to come to a complete stop due to traffic, Defendant Gonzales failed to control his vehicle, causing a collision with the Plaintiffs.

3.4     As a result of Defendant Gonzales' misconduct, Plaintiffs were seriously injured.

3.5     Defendant Gonzales was issued a citation for due care for taking his attention from the roadway as a result of the collision.

## IV.
## PLAINTIFF'S CLAIM OF NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT GONZALES

**A.     Negligence**

4.1     Defendant Gonzales committed acts of omission and commission, which collectively and severally constituted negligence, and which were the proximate causes of Plaintiffs' injuries and their resulting damages.

4.2     Defendant Gonzales' negligent acts include, but are not limited to:

    a.     Failure to maintain proper control of his vehicle;

    b.     Failure to keep a proper lookout which operating his vehicle;

    c.     Failure to keep mental and physical alertness while operating his vehicle;

    d.     Distracted driving; and

    e.     Violations of applicable state and/or local regulations, including but not limited to NM Stat §66-8-114.

**B.     Gross Negligence**

4.3     During relevant times to this action, Defendant Gonzales committed acts of omission and commission, which collectively and severally constituted gross negligence, and which were proximate causes of Plaintiffs' injuries and their resulting damages.

4.4     The wrong done by Defendant Gonzales, even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

4.5     Defendant Gonzales's conduct, when viewed objectively from his standpoint at the time of his conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Gonzales was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

## V.
## PLAINTIFFS' CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT MASCORRO

5.1     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Gonzales was performing services for the benefit of Defendant Mascorro.

5.2     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Gonzales was engaged in the furtherance of Defendant Mascorro's business.

5.3     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Gonzales was engaged in accomplishing a task for which Defendant Gonzales was employed.

5.4     Plaintiffs invoke the doctrine of Respondeat Superior against Defendant Mascorro.

## VI.
## PLAINTIFFS' CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT J&E TRANSPORTATION, LLC

6.1     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Gonzales was performing services for the benefit of Defendant J&E Transportation.

6.2     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Gonzales was engaged in the furtherance of Defendant J&E Transportation's business.

6.3     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Gonzales was engaged in accomplishing a task for which Defendant Gonzales was employed.

6.4     Plaintiffs invoke the doctrine of Respondeat Superior against Defendant J&E Transportation.

## VII.
## PLAINTIFFS' CLAIM OF NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT MASCORRO

**A.     Negligence**

7.1     Defendant Mascorro committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiffs' injuries and their resulting damages.

7.2     Defendant Mascorro's negligent acts include, but are not limited to:

    a.     entrusting the subject vehicle to Defendant Gonzales;

    b.     hiring Defendant Gonzales;

    c.     retaining Defendant Gonzales;

    d.     failing to train Defendant Gonzales; and

    e.     failing to supervise Defendant Gonzales.

**B.**     **Gross Negligence**

7.3     During relevant times to this action, Defendant Mascorro, by and through his agent and employee Defendant Gonzales, committed acts of omission and commission, which collectively and severally constituted gross negligence.  Such gross negligence was a proximate cause of Plaintiffs' injuries and their resulting damages.

7.4     The wrong done by Defendant Mascorro, even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

7.5     Defendant Mascorro's conduct, when viewed objectively from their standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Mascorro was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

7.6     Further, Defendant Mascorro authorized, condoned, approved, and/or ratified his employee's grossly negligent conduct that proximately caused Plaintiffs' injuries and their resulting damages.

7.7     Further, Defendant Gonzales was unfit for performing his assigned job duties, and Defendant Mascorro was reckless in employing him.

### VIII.
### PLAINTIFFS' CLAIM OF NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT J&E TRANSPORTATION

**A.**     **Negligence**

8.1     Defendant J&E Transportation committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiffs' injuries and their resulting damages.

8.2     Defendant J&E Transportation's negligent acts include, but are not limited to:

  a. entrusting the subject vehicle to Defendant Gonzales;

  b. hiring Defendant Gonzales;

  c. retaining Defendant Gonzales;

  d. failing to train Defendant Gonzales; and

  e. failing to supervise Defendant Gonzales.

**B. Gross Negligence**

8.3     During relevant times to this action, Defendant J&E Transportation, by and through its agent and employee Defendant Gonzales, committed acts of omission and commission, which collectively and severally constituted gross negligence.  Such gross negligence was a proximate cause of Plaintiffs' injuries and their resulting damages.

8.4     The wrong done by Defendant J&E Transportation, even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

8.5     Defendant J&E Transportation's conduct, when viewed objectively from their standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant J&E Transportation was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

8.6     Further, Defendant J&E Transportation authorized, condoned, approved, and/or ratified its employee's grossly negligent conduct that proximately caused Plaintiffs' injuries and their resulting damages.

8.7     Further, Defendant Gonzales was unfit for performing his assigned job

duties, and Defendant J&E Transportation was reckless in employing him.

## IX.
## DAMAGES

**A.     Plaintiff Aaron Lionel Max Heaton's Personal Injury Damages**

9.1     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer injuries to his body, both temporary and permanent, and to incur the following damages: endured pain and suffering, both physical and mental, incurred medical expenses, has undergone medical treatment and will undergo medical treatment in the future and have suffered loss of enjoyment of life, general bodily impairment and have been unable to engage in normal family, social, recreational, and household services, activities, lost income, and other damages which will continue into the future.  Plaintiff is entitled to compensation for his damages.

**B.     Plaintiff Alondra Heaton's Personal Injury Damages**

9.2     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer injuries to her body, both temporary and permanent, and to incur the following damages: endured pain and suffering, both physical and mental, incurred medical expenses, has undergone medical treatment and will undergo medical treatment in the future and have suffered loss of enjoyment of life, general bodily impairment and have been unable to engage in normal family, social, recreational, and household services, activities, lost income, and other damages which will continue into the future.  Plaintiff is entitled to compensation for her damages.

**C.     Punitive Damages**

9.3     As a result of the gross negligence committed by Defendants, Plaintiffs seek punitive damages against Defendants in an amount deemed appropriate by the jury.

**D.**     **Interest**

9.4     Plaintiffs seek pre-judgment and post-judgment interest at the applicable rate allowed by law.

**X.**
**JURY DEMAND**

10.1     Plaintiffs hereby respectfully demand a six-person trial by jury.

**PRAYER**

**WHEREFORE,** Plaintiffs pray for judgement against Defendants as follows:

a.     For reasonable compensatory damages;

b.     For punitive damages;

c.     For prejudgment and post judgment interest; and

d.     For the cost of this action, and for such other and further relief that the Court deems just and proper.

Respectfully submitted,

**HERRING LAW FIRM**

By: _/s/ Mason W. Herring_
**Mason W. Herring**
2000 West Loop South, Ste. 2200
Houston, Texas 77027
Telephone:     832.500.3170
Telefax:          832.500.3172
Email:            mherring@herringlawfirm.com

**ATTORNEY FOR PLAINTIFF**